Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GUSTAVO GUALPA,

        *Plaintiff*,

-against-

NEW HARI AUTO CARE INC., NEW HARI AUTO REPAIR INC., HARI AUTO CARE INC., BALBIR S. PARMAR and JATINDER SINGH a/k/a Satinder Singh.

        *Defendants*.

-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No: 21-cv-2611

GUSTAVO GUALPA ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against NEW HARI AUTO CARE INC., NEW HARI AUTO REPAIR INC., HARI AUTO CARE, INC., BALBIR S. PARMAR and JATINDER SINGH a/k/a Satinder Singh (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of NEW HARI AUTO CARE at 41-27 37th Street Long Island City, NY 11101 that was owned and operated by Defendants NEW HARI AUTO CARE INC., NEW HARI AUTO REPAIR INC., HARI AUTO CARE, INC., JATINDER SINGH and BALBIR S. PARMAR

2. Defendants own, operate, and/or controlled a repair garage called NEW HARI AUTO CARE INC. at 41-27 37th Street Long Island City, NY 11101.

1

3. Plaintiff was employed by Defendants as a mechanic and general laborer.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours he worked each week.

5. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

8. Plaintiff GUSTAVO GUALPA ("Plaintiff GUALPA") is an adult individual residing in Queens County, New York. Plaintiff GUALPA was employed by Defendants at NEW HARI AUTO CARE INC. from approximately April 2014 through September 2020.

9. NEW HARI AUTO CARE INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 41-27 37th Street Long Island City, NY 11101.

10. NEW HARI AUTO REPAIR INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 41-27 37th Street Long Island City, NY 11101.

11. HARI AUTO CARE INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 41-27 37th Street Long Island City, NY 11101.

12. Defendant BALBIR S. PARMAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant BALBIR S. PARMAR is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

13. Defendant BALBIR S. PARMAR possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant BALBIR S. PARMAR established the schedule for Plaintiff.

15. Defendant BALBIR S. PARMAR had the final word on all decisions relating to the business operations of NEW HARI AUTO CARE INC..

16. Defendant BALBIR S. PARMAR supervised the employees and daily operations.

17. Defendant BALBIR S. PARMAR had the authority to hire and fire employees and did indeed hire and fire employees for NEW HARI AUTO CARE INC., including Plaintiff.

18. Defendant BALBIR S. PARMAR directed Plaintiff's tasks and work on a daily basis.

19. Defendant BALBIR S. PARMAR issued pay to Plaintiff GUALPA.

20. Defendant BALBIR S. PARMAR controlled and/or supervised the payroll practices of NEW HARI AUTO CARE INC..

21. Defendant JATINDER SINGH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JATINDER SINGH is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

22. Defendant JATINDER SINGH possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

23. During Plaintiff's employ, Defendant JATINDER SINGH was a supervising manager who directed the tasks and set the schedule for Plaintiff and other employees.

24. Defendant JATINDER SINGH had the power to hire and fire Plaintiff during his employ.

25. Upon information and belief, Defendant JATINDER SINGH currently possesses titled ownership in one or more of the Corporate Defendants.

**FACTUAL ALLEGATIONS**

26. Defendants are associated and joint employers, act in the interest of each other.

27. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

28. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff.

30. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

31. Upon information and belief, in each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous tools, solvents and cleaning items were used and sold daily at NEW HARI AUTO CARE INC., such as oil, lubricants, bushings, vacuums, hammers, chains, control arms, detergents, brushes, lifters, tie rods, jacks, Bondo, wrenches, inter alia, were produced outside the State of New York.

*Plaintiff GUSTAVO GUALPA*

33. Plaintiff GUALPA was employed by Defendants from approximately April 2014 through September 2020.

34. Throughout his employment with defendants, Plaintiff GUALPA was employed at the NEW HARI AUTO CARE INC. as a mechanic and general laborer.

35. Plaintiff GUALPA regularly handled goods in interstate commerce, such as oil, lubricants, bushings, vacuums, hammers, chains, control arms, detergents, brushes, lifters, tie rods, jacks, Bondo, wrenches and other supplies produced outside the state of New York.

36. Plaintiff GUALPA' work duties required neither discretion nor independent judgment.

37. Plaintiff GUALPA regularly worked in excess of 40 hours per week without a proper premium for his overtime hours.

38. From April 2014 to September 2020, Plaintiff GUALPA typically worked six (6) days a week at the following typical schedule:

    a. Monday: 7:30 A.M. until 5:00 P.M.

    b. Tuesday: 7:30 A.M. until 5:00 P.M.

    c. Wednesday: 7:30 A.M. until 5:00 P.M.

    d. Thursday: 7:30 A.M. until 5:00 P.M.

    e. Friday: 7:30 A.M. until 5:00 P.M.

    f. Saturday: 7:30 A.M. until 5:00 P.M.

    g. Sunday: Typical Day Off

39. From April 2014 to December 2018, Defendants paid Plaintiff GUALPA a fixed daily rate of $ 150.00 that did not provide a premium for his overtime hours.

40. From January 2019 through April 2020, Defendants paid Plaintiff GUALPA a fixed daily rate of $ 175.00 that did not provide a premium for his overtime hours.

41. From April 2020 to September 2020, Defendants paid plaintiff GUALPA a fixed daily rate of $200.00 that did not provide a premium for his overtime hours.

42. No notification was given to Plaintiff GUALPA regarding overtime and wages under the FLSA and NYLL.

43. Defendants never provided Plaintiff GUALPA with each payment of wages a statement of wages, as required by NYLL 195(3).

44. Defendants never provided Plaintiff GUALPA, any notice in English and in Spanish (Plaintiff GUALPA's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

52. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

55. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

56. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

57. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

58. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for

any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
      May 10th, 2021

By:   */s/ Colin Mulholland*
      Colin Mulholland, Esq.
      30-97 Steinway, Ste. 301-A
      Astoria, New York 11103
      Telephone: (347) 687-2019
      *Attorney for Plaintiff*