# Law Offices of Colin Mulholland

Employment and Civil Litigation

30-97 Steinway Street                                                    Telephone: (347) 687-2019
Suite 301-A                                                         cmulhollandesq@gmail.com
Astoria, NY 11103

**VIA ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201                                         July 8th, 2021

                     Re:  **Gualpa v. New Hari Auto Care Inc., et al.**
                             Case No.:  20-cv-1464

Dear Judge Cogan:

       The parties jointly submit this letter in advance of our initial status conference.

## PLAINTIFF'S POSITION

       Plaintiff has a classic FLSA claim with the usual causes of action.  Plaintiff worked for the Defendants in their Long Island City shop where he worked six days per week for a fixed salary.  He worked significant overtime for the Defendants without lawful compensation for his overtime premiums.  Plaintiff also has claims for statutory notice violations arising under state law.

       Plaintiffs intend to depose the individual Defendants listed in the caption in addition to customary document demands and paper discovery.  Plaintiffs may seek to hire a handwriting or computer expert if the records produced by the Defendants seem fabricated, inauthentic, reconstructed or otherwise altered.

       Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. Section 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. Sections 201 et seq. and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367(a).

Plaintiff expects to move for summary judgment on limited issues at the close of discovery such as the liability for the statutory notice violations and the employer status of certain Defendants if the record after discovery supports such an application.

### **DEFENDANTS' POSITION**

Defendants assert that some of the defendant corporations were not in business or active entities at the alleged time of the Plaintiff's purported work. Defendants deny that Plaintiff worked six days a week for nine and a half hours each day. The time claimed to have been worked by Plaintiff is grossly exaggerated and he is not owed additional wages. Defendants would ask the Court to reject supplemental jurisdiction over the alleged State Law claims. Defendants may assert the Motor Carrier Exemption and/or the Portal-to-Portal Act as legal defenses to the Plaintiff's claims.

Respectfully Submitted,

/s/ Colin Mulholland, Esq.